UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIGEO, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEMSTAR-TV GUIDE INTERNATIONAL, INC.; TV GUIDE INTERACTIVE, INC., AND GEMSTAR DEVELOPMENT CORP.,<br><br>　　　　　Defendants. | CASE NO. C06-1417RSM<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER |

　　This matter is before the Court for consideration of defendants' motion to dismiss or stay (Dkt. # 4). In the alternative, defendants move to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Central District of California, where another action involving these parties is currently pending. Defendants have requested oral argument on the motion, but the Court deems it unnecessary. For the reasons which follow, the Court shall DENY the motion to dismiss or stay, and GRANT the motion to transfer.

BACKGROUND

　　The parties are familiar with the facts of this matter, and they will only be briefly summarized here. The complaint states that both plaintiff Digeo and defendant Gemstar are in the business of developing and licensing interactive program guides ("IPG's) for television users. Digeo sells an IPG

ORDER ON MOTION TO DISMISS OR
TRANSFER - 1

called "Moxi Media Center" to cable operators for deployment in their systems. In 2005, Gemstar contacted Digeo and offered to license Moxi under Gemstar's patents. Underlying the licensing proposal was a threat by Gemstar to sue to enforce its patent rights if Digeo did not agree to the license. Digeo stated that it would respond to the license proposal by September 30, 2006. On September 28, 2006, before notifying Gemstar that it would reject the license proposal, Digeo filed this suit for violation of federal and state antitrust laws. Two weeks later, on October 13, 2006, Gemstar filed suit for patent infringement in the United States District Court for the Central District of California.

Gemstar has moved to dismiss, stay, or transfer this action, arguing that it is an improper anticipatory lawsuit based on "recycled" and discredited antitrust allegations, filed solely for the purpose of forum-shopping. Plaintiff has opposed the motion as to all three bases, dismissal, stay, and transfer.

The Court declines to dismiss the complaint as requested, as that would constitute a ruling on the merits of plaintiff's antitrust claims, a ruling which would be premature at this point. Further, the Court finds that a stay of this action pending completion of the patent litigation in California would unnecessarily complicate both actions. However, because the timing of plaintiff's filing of this complaint raises a concern over forum-shopping, the Court will proceed to address defendant's motion to transfer this action to the Central District of California.

## DISCUSSION

Defendants move to transfer this action to the California district court pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960). The statute "displaces the common law doctrine of *forum non conveniens*" with respect to transfers between federal courts. See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). Section 1404(a) is not, however, simply a codification of the common law doctrine. In passing § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser

ORDER ON MOTION TO DISMISS OR
TRANSFER - 2

showing of inconvenience" than was needed for dismissal under the doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955).

The statute has two requirements on its face: (1) that the district to which defendants seek to have the action transferred is one in which the action "might have been brought", and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice.  § 1404(a).  There is no question here that the action could have been brought in the California district court.  Venue for an antitrust case is broad:  the case may be brought not only in the judicial district where the defendant resides, but also in any district in which it may "be found" or transacts business.  15 U.S.C. § 22. Gemstar's headquarters and principal place of business are in Los Angeles, in the Central District of California.  The California court also indisputably has subject matter jurisdiction over an antitrust suit. The decision to transfer, then, turns on whether the Court finds such transfer to be proper under the "convenience of parties and witnesses" and "interest of justice" standards.  The burden is on defendants to demonstrate that the transfer is warranted.  *Saleh, et al., v. Titan Corporation, et al.*, 361 F. Supp. 2d 1152, 1155 (C.D.Cal. 2005).

In determining whether a transfer is appropriate, the Court must weigh numerous factors, including  (1) the location where the relevant agreements or alleged events in the lawsuit took place; (2) the state that is most familiar with the governing law; (3)  the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, and the relation of those contacts to the plaintiff's cause of action; (5) the difference in cost of litigation in the two forums; (6) the availability of compulsory process to compel attendance of non-party witnesses; and (7) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.,* 211 F. 3d 495, 498-99 (9th Cir. 2000).   Other relevant considerations, drawn from traditional *forum non conveniens* analysis, are (8) the pendency of related litigation in the transferee forum; (9) the relative congestion of the two courts; and (10) the public interest in the local adjudication of local controversies.  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F. 2d 834, 843 (9th Cir. 1986).   Because these factors cannot be mechanically applied to all types of cases, they shall be considered here under the statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice.

 ORDER ON MOTION TO DISMISS OR
TRANSFER - 3

**1. Convenience of the parties.**

Digeo asserts that there is a strong presumption in favor of plaintiff's choice of forum, such that it should be given great weight. However, as noted by one California court, "[t]he courts have developed a bewildering variety of formulations on how much weight is to be given to plaintiff's choice of forum." *Saleh, et al., v. Titan Corporation, et al.,* 361 F. Supp. 2d 1152, 1156 (C.D.Cal. 2005)(quoting 15 Wright, Miller and Cooper, *Federal Practice and Procedure* § 3848 at 375.)  Because § 1404 application results in transfer, not dismissal as in *forum non conveniens*, a lesser showing of inconvenience is required to upset plaintiff's choice. *Id.*; citing *Norwood*, 349 U.S. at 42.  Further, in light of the Court's finding that the timing and circumstances of plaintiff's filing suit raise suspicions of forum-shopping, the Court gives plaintiff's choice of forum less weight than it would ordinarily be accorded.

Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum. *Id.*, citing *Cain v. New York State Board of Elections*, 630 F. Supp. 221, 227 (E.D.N.Y. 1986). *See also Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478 (D.Del. 1987); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991). Here, plaintiff's antitrust allegations range far more broadly than Gemstar's actions within the State of Washington in attempting to negotiate a licensing agreement with Diego. Indeed, defendants state that the Digeo product over which they were negotiating is not even distributed in the Western District of Washington. The action thus has minimal connection with the chosen forum, apart from the fact of plaintiff's residence here.

As to the relative convenience to the parties, the Court may not transfer a case simply to shift the burden from one party to another. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d at 843. However, the Court may look at the sheer weight of the numbers—one plaintiff versus three defendants, in considering convenience. *Selah*, 361 F. Supp. 2d at 1162 (quoting *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1120 (C.D.Cal. 1998). Further, as noted by defendants, plaintiff has a second headquarters in Palo Alto California, albeit in the northern district. Plaintiff represents that it is planning to close the Palo Alto office, but there is no evidence that has occurred yet. Finally, and significantly,

ORDER ON MOTION TO DISMISS OR TRANSFER - 4

three of the six attorneys who represent plaintiff, and four of defendants' six attorneys, all reside and have their office in the Central District of California. Plaintiffs' California attorneys, at least, will not be inconvenienced by transfer.

In light of these factors, the balance weighs heavily in favor of transfer.

**2. Convenience of the witnesses.**

When considering the convenience to witnesses, "the convenience of non-party witnesses is the more important factor." *Saleh*, 361 F. Supp. 2d at 1160 (quoting *Aquatic Amusement Associates, Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990)). The Court should consider not only how many witnesses each side may have, but also the relative importance of their testimony. *Id.*, citing *Gates Learjet Corp. v. Jensen*, 743 F. 2d 1325, 1335-36 (9th Cir. 1984) (a *forum non conveniens* case). The parties here have not discussed or disclosed their non-party witnesses, so this factor cannot be evaluated at this point.

As to party witnesses, plaintiff asserts that thirteen of its fourteen employee-witnesses are in this district, and one, Michael Meltzer, is not. Defendants point out that Mr. Meltzer actually resides in the Central District of California. Defendant Gemstar states that eleven of its sixteen witnesses are located in California, and the other five are located in New York, Pennsylvania., and Oklahoma. None of Gemstar's witnesses resides in this district. Standing alone, the party-witness factor does not weigh in favor of either forum. However, when considered together with the fact that there is another action between these same parties pending in the Central District of California, the convenience of all witnesses, both party and non-party, is best served by transferring this action.

Other factors that are affected by the pending litigation in California are the difference in cost of litigation in the two forums and the ease of access to sources of proof. It would cost the parties far less to resolve their differences by litigation in one forum as opposed to two. As for access to sources of proof, most of the documents relevant to this action will need to be produced in the California action as well. As to any that are specific to this action alone, the burden of producing and "shipping" documents is greatly reduced in this age of electronic transmission, so the inconvenience is minimal.

Thus, the convenience of witnesses factor weighs heavily in favor of transfer to California, where

ORDER ON MOTION TO DISMISS OR
TRANSFER - 5

other litigation is pending.

### 3. Interest of Justice.

The interest of justice factor is the most important of all. *Nelson v. Master Lease Corporation*, 759 F. Supp. 1397, 1402 (D.Minn. 1991); *citing Medtronic, Inc., v. American Optical Corporation*, 337 F. Supp. 490, 495-97 (D.Minn. 1971). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Regents of the University of California v. Eli Lilly and Company*, 119 F. 3d 1559, 1565 (D.C.Cir. 1997). In considering the interests of justice, the Court weighs such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Financial, Inc., v. Midwhey Powder Co.*, 883 F. 2d 1286, 1293 (9th Cir. 1989). Overall, these factors favor the California forum.

First of all, as already noted, there is a related case in California. "The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor." *Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197 at *2 (S.D. Cal.) (*citing A.J. Industries, Inc., v. United States District Court for the Central District of California,* 503 F. 2d 384, 389 (9th Cir. 1974); *Continental Grain v. The Barge FBL-585*, 364 U.S. at 26. "Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid[s] duplicitous [sic] litigation and inconsistent results." *Durham Products, Inc., v. Sterling Film Portfolio, Ltd., Series A*, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982).

It is unlikely that the California action could or should be transferred to this forum. First of all, there is a defendant in that action, Charter Communications, Inc, who is not amenable to service of process in this district. Further, in patent infringement actions, the preferred forum is "that which is the center of gravity of the accused activity." *Ricoh Co., Ltd., v. Honeywell, Inc.*, 817 F. Supp. 473, 482 n. 17 (D.N.J. 1993); *quoting S.C. Johnson & Sons, Inc., v. Gillette Co.,* 571 F. Supp. 1185, 1188 (N.D. Ill. 1983). The district court "ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Id*. For the patent infringement case filed by Gemstar, the center of gravity is the Central District of California.

ORDER ON MOTION TO DISMISS OR
TRANSFER - 6

Given that the patent litigation is likely to remain in California, judicial economy weighs heavily in favor of the transfer of this case to that district. "In a case such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues." *Regents of the University of California*, 119 F. 3d at 1565. As it handles the related patent case, the California court will become familiar with the complex technological issues presented here. The California court is also as familiar with the applicable federal securities laws as this court; only in the state law claims may the California forum be at a slight disadvantage.

Transfer will also promote judicial economy in that it will facilitate consolidation and settlement. While consolidation of the two cases is a matter for the California court to decide, the feasibility of such consolidation is a factor that this Court may consider in deciding whether to allow a transfer. *University of California v. Eli Lilly & Co.,* 21 U.S.P.Q. 1201, 1207 (N.D.Cal. 1991). Even if the two cases are not consolidated, transfer of this case may facilitate a global settlement.

Finally, as to the public's interest in the local adjudication of local controversies, it cannot be said that either the antitrust case or the patent case is a controversy of local interest only. Both involve areas of interest to a large number of people nationwide. There is no basis for a finding that either forum better serves the public's interest in the dispute.

## CONCLUSION

The Court concludes that the convenience of the parties and the witnesses, as well as the interests of justice, all favor transfer of this action. Accordingly, defendants' motion to dismiss or stay is DENIED, and defendants' § 1404(a) motion to transfer is GRANTED. This case is hereby TRANSFERRED to the United States District Court for the Central District of California. The Clerk shall close the file and notify the Clerk of Court in that district.

Dated this _29_ day January, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO DISMISS OR
TRANSFER - 7